**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Goodai Global Inc. | ) | |
| | ) | Case No. 25-cv-12254 |
| v. | ) | |
| | ) | Judge:  Hon. Virginia M. Kendall |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Magistrate: Hon. Maria Valdez |
| IDENTIFIED ON SCHEDULE A | ) | |
| | ) | |

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff Goodai Global Inc. ("Goodai") against defendant Doe 215, JinYiTong and Doe 217, zhengyixin ("Defendants"). Plaintiff and Defendants have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendants since Defendants directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold products bearing the Goodai Trademarks BEAUTY OF JOSEON or JOSEON MI NYEO (U.S. Reg. Nos. 7510495 and 7510569) (the "Unauthorized Goodai Products") to residents of Illinois.

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that:

1.     Defendant, the officers, agents, servants, employees, attorneys, and all persons acting for,

1

with, by, through, under or in active concert with it be permanently enjoined and restrained from:

a. using the Goodai Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Goodai product or not authorized by Plaintiff to be sold in connection with the Goodai Trademarks;

b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Goodai Trademarks in any manner without the express authorization of Plaintiff;

c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Goodai product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the Goodai Trademarks;

d. committing any acts calculated to cause consumers to believe that Defaulting Defendants' Unauthorized Goodai Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the Goodai Trademarks and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff's, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Goodai Trademarks.

2. Pursuant to the parties' settlement agreement, Defendant shall pay Plaintiff $4000.00 in

2

damages (the "Damages Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's accounts as follows:

| Doe | Store Name | Amount |
|-----|-----------|--------|
| 215 | JinYiTong | $2500.00 |
| 217 | zhengyixin | $1500.00 |

to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 2, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial account pursuant to the Temporary Restraining Order [18] and Preliminary Injunction [31].

5. This case is dismissed with leave to reinstate within one hundred and eighty (90) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

DATED: December 22, 2025

_____
Virginia M. Kendall
United States District Judge

3